# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFREDO A. MENDEZ,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>KAREN ALLISON, Warden,<br><br>　　　　Respondent. | Case No. CV 11-2896 DMG (JCG)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND DENYING CERTIFICATE OF APPEALABILITY** |

　　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the Magistrate Judge's Report and Recommendation, Petitioner's Objections to the Report and Recommendation, and the remaining record.

　　　　In his Objections, Petitioner asks the Court to "delay the date on which the limitation period ... begin[s]" pursuant to the United States Supreme Court's decisions in *Blakely v. Washington*, 542 U.S. 296 (2004) and *Cunningham v. California*, 549 U.S. 270 (2007). (Obj. at 1-2.) Petitioner presumably seeks a delayed accrual date based on 28 U.S.C. § 2244(d)(1)(C). While Section 2244(d)(1)(C) authorizes a delayed accrual date for claims based on newly recognized constitutional rights, that only occurs "if the right has been newly recognized by the Supreme Court *and* made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C) (emphasis added).

//

1        The Ninth Circuit has expressly held that *Blakely* "does *not* apply
2 retroactively to a conviction that was final before [*Blakely*] was announced," and
3 that *Cunningham* did *not* announce a new rule of constitutional law. *Schardt v.*
4 *Payne*, 414 F.3d 1025, 1039 (9th Cir. 2005) (emphasis added); *Butler v. Curry*, 528
5 F.3d 624, 633-639 (9th Cir. 2008). Petitioner's conviction became final several
6 years before *Blakely* was decided in 2004. (*See* R&R at 4.) Thus, since neither
7 *Blakely* nor *Cunningham* involve a newly recognized constitutional right made
8 retroactively applicable to cases on collateral review, Petitioner cannot avail himself
9 of a delayed accrual date under 28 U.S.C. § 2244(d)(1)(C).
10        Petitioner also asserts that he is entitled to equitable tolling because he
11 "pursue[d] his rights diligently." (Obj. at 1.) As proof, Petitioner attaches letters he
12 received from various attorneys regarding his case, the earliest of which is dated
13 May 8, 2007. (*Id.* at 5.) However, at best, the letters show that Petitioner was in
14 contact with attorneys approximately *7 years after* his conviction became final. This
15 falls *far* short of meeting the high threshold required for equitable tolling. *See Pace*
16 *v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (a petitioner seeking equitable tolling
17 must establish that (1) he has been pursuing his rights diligently, and (2) that some
18 extraordinary circumstance stood in his way.)
19        The Court notes that a petitioner's ignorance of the law is not a basis for
20 delaying or tolling the statute of limitations. *See Rasberry v. Garcia*, 448 F.3d 1150,
21 1154 (9th Cir. 2006) ("a pro se petitioner's lack of legal sophistication is not, by
22 itself, an extraordinary circumstance warranting equitable tolling"); *Hasan v.*
23 *Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) ("Time begins when the prisoner
24 knows (or through reasonable diligence could discover) the important facts, not
25 when the prisoner recognizes their legal significance.").
26        Thus, having made a *de novo* determination, the Court concurs with and
27 adopts the findings and conclusions of the Magistrate Judge's Report and
28 Recommendation.

Additionally, for the reasons stated in the Report and Recommendation, the Court finds that Petitioner has not shown that "jurists of reason would find it debatable whether": (1) "the petition states a valid claim of the denial of a constitutional right"; and (2) "the district court was correct in its procedural ruling." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Thus, the Court declines to issue a Certificate of Appealability.

Accordingly, IT IS ORDERED THAT:

1. Judgment be entered denying the Petition and dismissing this action with prejudice;

2. A Certificate of Appealability is denied;

3. The Clerk shall serve copies of this Order and the Judgment on the parties.

DATED: August 22, 2011

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE